UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

ERIC ZERMENO,

    Plaintiff,

v.                               CAUSE NO.: 2:19-CV-306-JVB-JPK

JAMES FRANCE,

    Defendant.

OPINION AND ORDER

Eric Zermeno, without counsel, filed a complaint seeking 1.98 billion dollars from James France, a NASCAR executive. Zermeno alleges NASCAR "disrespect [his] ability to move a car like I do very well." ECF 1 at 2. He alleges NASCAR has targeted him "to see how to drive." *Id*. He alleges he coached NASCAR on how to build their cars.

Zermeno seeks leave to proceed in forma pauperis. However, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . ." Such is the case here. Though it is usually necessary to hold a hearing to determine the merits of a claim, "[s]ometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002). *See also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). Therefore this case will be dismissed. Though it is usually

necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Holland v. City of Gary*, 503 F. App'x 476, 477–78 (7th Cir. 2013) (amendment of complaint with fantastic and delusional allegations would be futile). *See also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

This is not the only frivolous and malicious case filed by Zermeno. In *Zermeno v. Saikawa*, 2:19-CV-302 (N.D. Ind. filed August 16, 2019), his claims against Nissan and Porsche executives were found frivolous and malicious when he alleged they had mined his brain and stolen the designs of several high end cars. In *Zermeno v. Jordan*, 2:19-CV-269 (N.D. Ind. filed July 26, 2019), his claims against Michael Jordan, Jeff Bezos, and Donald Trump were found frivolous and malicious when he made bizarre and unrelated allegations about each of them. In *Zermeno v. Silver*, 2:19-CV-307 (N.D. Ind. filed August 19, 2019), his claims against the NBA Commissioner were found frivolous and malicious when he alleged the NBA was trying to frame him for criminal activity since 2000.

Enough is enough. "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). "Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re*

*McDonald*, 489 U.S. 180, 185 n. 8 (1989) quoting *In re Martin-Trigona*, 737 F. 2d 1254, 1261 (2nd Cir. 1984).

For these reasons, the court:

(1) DENIES the in forma pauperis motion (ECF 2);

(2) DISMISSES this case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and

(3) CAUTIONS Eric Zermeno if he files another frivolous or malicious lawsuit, he may be fined, sanctioned, or restricted.

SO ORDERED on August 22, 2019.

   s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE